FILED
JAMES BONINI
CLERK

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

10 APR 21  PM 3: 14

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

| | | |
|---|---|---|
| JOHN W. FERRON, an individual, | : | **2 : 10 cv 343** |
| | : | |
| Plaintiff, | : | Case No. _____ |
| | : | |
| vs. | : | Judge _____  **JUDGE MARBLEY** |
| | : | |
| VIDEO PROFESSOR, INC., a Colorado corporation, | : | Magistrate Judge _____ |
| | : | |
| And | : | **MAGISTRATE JUDGE KING** |
| | : | |
| JOHN W. SCHERER, an individual, | : | |
| | : | |
| Defendants. | : | |

## COMPLAINT FOR STATUTORY DAMAGES
## AND DECLARATORY JUDGMENT

### JURY DEMAND ENDORSED HEREON

NOW COMES PLAINTIFF JOHN W. FERRON, by and through his undersigned counsel, and makes the following allegations and claims against DEFENDANTS VIDEO PROFESSOR, INC. and JOHN W. SCHERER.

### Nature of this Action

1.    PLAINTIFF JOHN W. FERRON ("Plaintiff") is an Ohio resident and consumer.

2.    DEFENDANT VIDEO PROFESSOR, INC. ("VPI") is a designer, manufacturer and distributor of CD-ROM tutorials on a variety of computer-related subjects, such as learning to buy and sell on eBay, learning to use the Internet, and learning to use Microsoft Word (the "Tutorials").

3.    The Company was founded in 1986 by DENDANT JOHN W. SCHERER, who is its current Chief Executive Officer and principal spokesperson.  Scherer holds himself out to the

general public as the "Video Professor".

4.      At all times relevant hereto, Scherer appeared in television commercials and infomercials broadcast throughout the country on cable television, including within Ohio, offering Defendants' "FREE" Tutorials to consumers who wish to learn how to use computers (the "TV Offers").

5.      In each of the TV Offers, Scherer repeatedly states that the Tutorials are "FREE", except for a shipping and handling fee that is less than $10.

6.      Plaintiff alleges that the TV Offers must comply with the Ohio Consumer Sales Practices Act ("CSPA"), Ohio Revised Code ("O.R.C.") §1345.01, *et seq.*, and the consumer advertising rules set forth in the Ohio Administrative Code ("O.A.C.") at O.A.C. §109:4-3-02 and §109:4-3-04.

7.      However Plaintiff alleges that, in publishing their TV Offers, Defendants have knowingly violated the CSPA in several material respects.

8.      Plaintiff also alleges that the manner in which Defendants' advertise through their TV Offers requires VPI to register with the Ohio Attorney General as a telephone solicitor and obtain a telephone solicitation surety bond.  VPI's failure to do either of these things, Plaintiff asserts, violates the Ohio Telephone Solicitation Sales Act ("TSSA"), §4719.01, *et seq.*, and constitutes a knowing violation of the CSPA.

9.      Plaintiff seeks an award of statutory remedies and declaratory judgment against Defendants under the CSPA, which is based upon Plaintiff's allegations that Defendants knowingly violated O.A.C. §109:4-3-02, O.A.C. §109:4-3-04 and O.R.C. §1345.02(A) through their TV Offers, which Plaintiff has personally viewed on numerous occasions, and the TSSA as noted above.

**The Parties**

10.     PLAINTIFF JOHN W. FERRON ("Plaintiff"):

    a.     Is a living person and individual who resides in Dublin, Ohio, which is located within this Court's district and division;

    b.     Has, at all times relevant hereto, regularly viewed cable television programming and commercial advertisements on Time Warner Cable in Columbus and Dublin, Ohio;

    c.     Has, at all times relevant hereto, made purchases from other persons who regularly deal in goods, services and/or intangibles for purposes that are primarily personal, family or household, and has received, responded to and accepted solicitations from such other persons to supply such items; and

    d.     Has, at all times relevant hereto, been a "consumer" within the meaning of O.R.C. §1345.01(D).

11.     DEFENDANT VIDEO PROFESSOR, INC. ("VPI"):

    a.     Is a Colorado corporation, having its principal place at 12055 West Second Place, Lakewood, Colorado 80228;

    b.     Has, at all times relevant hereto, designed, manufactured, advertised, sold, and distributed Defendants' "Tutorials" to consumers in Ohio;

    c.     Has, at all times relevant hereto, been a "supplier" within the meaning of O.R.C. §1345.01(C);

    d.     Upon information and belief, has never registered with the Ohio Secretary of State to do business in Ohio; and

      e.       Upon information and belief, has never registered with the Ohio Attorney General as a telephone solicitor, nor has it ever obtained a surety bond regarding its telephone solicitation activities in Ohio.

12.       DEFENDANT JOHN W. SCHERER ("Scherer"):

      a.       Is a living person and individual who resides in Colorado and has his principal place of business at 12055 West Second Place, Lakewood, Colorado 80228;

      b.       Has, at all times relevant hereto, been the founder, Chief Executive Officer ("CEO") and registered agent of VPI;

      c.       Has, at all times relevant hereto, participated in the design, manufacture, advertisement, sales, and distribution of Defendants' "Tutorials" to consumers in Ohio;

      d.       Has, at all times relevant hereto, ordered, directed, condoned, approved, cooperated in, participated in, and ratified all of the acts and practices of which Plaintiff complains herein;

      e.       Has, at all times relevant hereto, been a "supplier" within the meaning of O.R.C. §1345.01(C).

## Jurisdiction and Venue

13.       This Court has original jurisdiction over the parties and claims cited herein pursuant to 28 U.S.C. §1332 because there is complete diversity between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.00.

14.       Venue is proper because all or a substantial part of the events giving rise to the claims herein occurred within the Southern District of Ohio, Eastern Division, including

Plaintiff's viewing of Defendants' TV Offers in Columbus and Dublin, Ohio, both of which are located within this same judicial district and division.

## The Claims

15.     Prior to the date of the events giving rise to Plaintiff's claims, the following court determinations were made available for public inspection by the Ohio Attorney General in its Public Inspection File (hereafter "PIF"):

    a.      PIF# 1288, *State ex rel. Fisher v. Cheeseman,* Oct. 25, 1991;

    b.      PIF# 499, *State ex rel. Brown v. Gem Collectors International, Ltd.*, June 9, 1983;

    c.      PIF# 1485, *Grayson v. Cadillac Builders*, Sept. 14, 1995;

    d.      PIF# 618, *State ex rel. Fisher v. Family Pontiac, Inc.*, Feb. 28, 2002;

    e.      PIF# 2089, *State ex rel. Montgomery v. Explorer Micro, Inc.*, Mar. 14, 2002;

    f.      PIF# 2104, *State ex rel. Montgomery v. Automotive Warranty Corp.*, Aug. 16, 2002;

    g.      PIF# 2320, *State ex rel. Petro v. Purchase Plus Buyers Group, Inc.*, Dec. 8, 2004;

    h.      PIF# 2549, *Charvat v. Westerville Taekwondo America, Inc.*, Apr. 10, 2007;

    i.      PIF# 1752, *State ex rel. Montgomery v. Consumer Action Center, LLC,* June 29, 1998;

    j.      PIF# 1706, *State ex rel. Montgomery v. Loan By Phone Financing dba Burlington Credit Service* , Nov. 12, 1998; and

    k.      PIF# 2459, *State ex rel. Petro v. Consumer Grants USA, Inc.*, Dec. 21, 2005.

16.     At all times relevant hereto, O.A.C. §109:4-3-02(B) was in full force and effect, and has provided: "Offers made through radio or television advertising must be preceded or

immediately followed by a conspicuously clear and oral statement of any exclusions, reservations, limitations, modifications, or conditions."

17.     At all times relevant hereto, O.A.C. §109:4-3-04(C) was in full force and effect, and has provided: "When using the word "free" in a consumer transaction, all the terms, conditions, and obligations upon which receipt and retention of the "free" goods or services are contingent shall be set forth clearly and conspicuously at the outset of the offer. Terms, conditions, and obligations of the offer must be printed in a type size half as large as the word "free," and all of the terms, conditions, and obligations should appear in close proximity with the offer of "free" goods or services. Disclosure of the terms of the offer set forth in a footnote of an advertisement to which reference is made by an asterisk or other symbol placed next to the offer is not regarded as making disclosure at the outset."

18.     This Complaint and all of Plaintiff's claims asserted in it are subject to: (a) all court determinations that were on file in the Office of the Ohio Attorney General in its Public Inspection File as of the date of the acts of Defendants complained of herein, including any and all court determinations referenced above in Paragraph 4 hereof; and (b) all rules adopted under R.C. Section 1345.05(B)(2) and effective prior to the date of the acts or practices of Defendants complained of herein, including Ohio Administrative Code §109:4-3-02(B) and §109:4-3-04(C).

19.     At all times relevant hereto, Plaintiff has subscribed to Time Warner Cable's television services.

20.     Since at least 2006, Defendants have caused to be broadcast repeatedly their TV Offers on Time Warner Cable television in the Columbus and Dublin, Ohio viewing area. Defendants' TV Offers are similar in some ways and different in others, but Scherer appears in and speaks in each TV Offer.  Defendants' TV Offers are the same in that they each offer

"FREE" Tutorials to consumers and urge consumers to call a displayed and mentioned toll free telephone number to order a "FREE" Tutorial.

21.     Each of the TV Offers complained of herein displays in very and difficult to read print at the bottom of the screen the following words exactly or words to the same effect: "Not available in all areas.  Some restrictions may apply.  Call for details."

22.     In October 2006, Plaintiff advised Defendants in writing that Defendants' TV Offers must comply with the Ohio Consumer Sales Practices Act ("CSPA"), Ohio Revised Code ("O.R.C.") §1345.01, *et seq*., and the consumer advertising rules set forth in the Ohio Administrative Code ("O.A.C.") at O.A.C. §109:4-3-02 and §109:4-3-04.

23.     In October 2006, Plaintiff advised Defendants in writing that Defendant VPI was required to register with the Ohio Secretary of State before soliciting and conducting business with consumers who reside in Ohio.

24.     On or about each of the dates and times indicated in Table 1 hereto, and while viewing programming on the Time Warner Cable television channel indicated in said Table, Plaintiff viewed the TV Offer of Defendants that displays and mentions the toll free telephone number 800-259-0849 (hereinafter "TV Offer VP0849").

25.     Defendants' TV Offer VP0849:

(a)     is directed at and solicits Ohio consumers, including Plaintiff, to purchase one of Defendants' Tutorials;

(b)     is an attempt by Defendants to effect, or solicitation of an offer to enter into, a consumer transaction by agent, advertisement or otherwise;

(c)     is an electronic, written, visual, or oral communication made to consumers by means of television, which identifies or represents the terms of goods

7

and/or services that may be transferred in a consumer transaction;

(d)     advertises the commercial availability of Defendants Tutorials and solicits consumers, including Plaintiff, to purchase Defendants' Tutorials;

(e)     offers a "FREE" Tutorial to consumers, including Plaintiff;

(f)     is a commercial advertisement or solicitation for the sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, a franchise, or an intangible, to an individual for purposes that are primarily personal, family, or household, or solicitation to supply any of these things;

(g)     invites consumers, including Plaintiff, to call a telephone number to place an order for one of Defendants' Tutorials;

(h)     fails to set forth clearly and conspicuously at the outset of the offer all of the terms, conditions and obligations upon which a consumer's receipt and retention of the "FREE" Tutorial is contingent including, but not limited to, the requirement that the consumer must agree to all of the terms of an undisclosed, detailed, written "End User License Agreement" ("EULA")[1], a true and correct copy of which is attached hereto as Exhibit A;

(i)     is not preceded or immediately followed by a conspicuously clear and oral

---

[1] The EULA contains many "terms, conditions and obligations" that are not disclosed in Defendants' TV Offers. The following are just examples of such undisclosed and material "terms, conditions and obligations": (1) At Paragraph 2(c), the EULA provides: "You may not copy, reproduce, transmit, edit, alter, modify, create derivative works of, rent, lease, loan, resell, or distribute the Software, in whole or in part."; (2) Paragraphs 1(A) and 3 of the EULA, when read together, indicate that the purchaser does not actually own the Tutorial, but rather a license to use it, and that VPI may terminate the license at any time upon written notice to the purchaser; (3) At Paragraph 2(f), the EULA indicates that the purchaser agrees to pay VPI's attorney's fees and expenses if the purchaser should breach the EULA; (4) the EULA provides, at Paragraph 8, that the law of Colorado governs the EULA, and that the purchaser submits to the jurisdiction of the courts in Colorado if VPI sues the purchaser for breaching the EULA; and (5) In Paragraph 13, the EULA specifies: "By using the Software, you are agreeing to this Agreement, and to any future revisions to the Agreement."

statement of all of the exclusions, reservations, limitations, modifications, or conditions to Defendants' TV Offer VP0849, including, but not limited to, the requirement that the consumer must agree to all of the terms of Defendants' undisclosed, detailed, written EULA, a true and correct copy of which is attached hereto as Exhibit A;

(j)     is initiated by or on behalf of Defendants, each of which is a seller of goods and services;

(k)     is an advertisement transmitted by electronic means, which invites a response by telephone to a telephone number and, during the course of such response, a salesperson attempts to make a sale of "goods or services";

(l)     represents the price, quality or availability of Defendants' Tutorials and is used to induce Plaintiff to purchase such goods from Defendants;

(m)     advertises and promotes the commercial availability of Defendant's Tutorials; and

(n)     solicits consumers, including Plaintiff, to purchase Defendants' Tutorials by becoming financially obligated as a result of Defendant's TV Offer VP0849.

26.     On or about each of the dates and times indicated in Table 2 hereto, and while viewing programming on the Time Warner Cable television channel indicated in said Table, Plaintiff viewed the TV Offer of Defendants that displays and mentions the toll free telephone number 800-681-2975 (hereinafter "TV Offer VP2975").

27.     Defendants' TV Offer VP2975:

(a)     is directed at and solicits Ohio consumers, including Plaintiff, to purchase

9

one of Defendants' Tutorials;

(b)    is an attempt by Defendants to effect, or solicitation of an offer to enter into, a consumer transaction by agent, advertisement or otherwise;

(c)    is an electronic, written, visual, or oral communication made to consumers by means of television, which identifies or represents the terms of goods and/or services that may be transferred in a consumer transaction;

(d)    advertises the commercial availability of Defendants Tutorials and solicits consumers, including Plaintiff, to purchase Defendants' Tutorials;

(e)    offers a "FREE" Tutorial to consumers, including Plaintiff;

(f)    is a commercial advertisement or solicitation for the sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, a franchise, or an intangible, to an individual for purposes that are primarily personal, family, or household, or solicitation to supply any of these things;

(g)    invites consumers, including Plaintiff, to call a telephone number to place an order for one of Defendants' Tutorials;

(h)    fails to set forth clearly and conspicuously at the outset of the offer all of the terms, conditions and obligations upon which a consumer's receipt and retention of the "FREE" Tutorial is contingent including, but not limited to, the requirement that the consumer must agree to all of the terms of an undisclosed, detailed, written EULA, a true and correct copy of which is attached hereto as Exhibit A;

(i)    is not preceded or immediately followed by a conspicuously clear and oral

10

statement of all of the exclusions, reservations, limitations, modifications, or conditions to Defendants' TV Offer VP2975, including, but not limited to, the requirement that the consumer must agree to all of the terms of Defendants' undisclosed, detailed, written EULA, a true and correct copy of which is attached hereto as Exhibit A;

(j)     is initiated by or on behalf of Defendants, each of which is a seller of goods and services;

(k)     is an advertisement transmitted by electronic means, which invites a response by telephone to a telephone number and, during the course of such response, a salesperson attempts to make a sale of "goods or services";

(l)     represents the price, quality or availability of Defendants' Tutorials and is used to induce Plaintiff to purchase such goods from Defendants;

(m)    advertises and promotes the commercial availability of Defendant's Tutorials; and

(n)     solicits consumers, including Plaintiff, to purchase Defendants' Tutorials by becoming financially obligated as a result of Defendant's TV Offer VP2975.

28.     On or about each of the dates and times indicated in Table 3 hereto, and while viewing programming on the Time Warner Cable television channel indicated in said Table, Plaintiff viewed the TV Offer of Defendants that displays and mentions the toll free telephone number 800-913-3021 (hereinafter "TV Offer VP3021").

29.     Defendants' TV Offer VP3021:

(a)     is directed at and solicits Ohio consumers, including Plaintiff, to purchase one of Defendants' Tutorials;

(b)     is an attempt by Defendants to effect, or solicitation of an offer to enter into, a consumer transaction by agent, advertisement or otherwise;

(c)     is an electronic, written, visual, or oral communication made to consumers by means of television, which identifies or represents the terms of goods and/or services that may be transferred in a consumer transaction;

(d)     advertises the commercial availability of Defendants Tutorials and solicits consumers, including Plaintiff, to purchase Defendants' Tutorials;

(e)     offers a "FREE" Tutorial to consumers, including Plaintiff;

(f)     is a commercial advertisement or solicitation for the sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, a franchise, or an intangible, to an individual for purposes that are primarily personal, family, or household, or solicitation to supply any of these things;

(g)     invites consumers, including Plaintiff, to call a telephone number to place an order for one of Defendants' Tutorials;

(h)     fails to set forth clearly and conspicuously at the outset of the offer all of the terms, conditions and obligations upon which a consumer's receipt and retention of the "FREE" Tutorial is contingent including, but not limited to, the requirement that the consumer must agree to all of the terms of an undisclosed, detailed, written EULA, a true and correct copy of which is attached hereto as Exhibit A;

12

(i)    is not preceded or immediately followed by a conspicuously clear and oral statement of all of the exclusions, reservations, limitations, modifications, or conditions to Defendants' TV Offer VP3021, including, but not limited to, the requirement that the consumer must agree to all of the terms of Defendants' undisclosed, detailed, written EULA, a true and correct copy of which is attached hereto as Exhibit A;

(j)    is initiated by or on behalf of Defendants, each of which is a seller of goods and services;

(k)    is an advertisement transmitted by electronic means, which invites a response by telephone to a telephone number and, during the course of such response, a salesperson attempts to make a sale of "goods or services";

(l)    represents the price, quality or availability of Defendants' Tutorials and is used to induce Plaintiff to purchase such goods from Defendants;

(m)   advertises and promotes the commercial availability of Defendant's Tutorials; and

(n)    solicits consumers, including Plaintiff, to purchase Defendants' Tutorials by becoming financially obligated as a result of Defendant's TV Offer VP3021.

30.    On or about each of the dates and times indicated in Table 4 hereto, and while viewing programming on the Time Warner Cable television channel indicated in said Table, Plaintiff viewed the TV Offer of Defendants that displays and mentions the toll free telephone number 800-260-3448 (hereinafter "TV Offer VP3448").

13

31.     Defendants' TV Offer VP3448:

(a)     is directed at and solicits Ohio consumers, including Plaintiff, to purchase one of Defendants' Tutorials;

(b)     is an attempt by Defendants to effect, or solicitation of an offer to enter into, a consumer transaction by agent, advertisement or otherwise;

(c)     is an electronic, written, visual, or oral communication made to consumers by means of television, which identifies or represents the terms of goods and/or services that may be transferred in a consumer transaction;

(d)     advertises the commercial availability of Defendants Tutorials and solicits consumers, including Plaintiff, to purchase Defendants' Tutorials;

(e)     offers a "FREE" Tutorial to consumers, including Plaintiff;

(f)     is a commercial advertisement or solicitation for the sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, a franchise, or an intangible, to an individual for purposes that are primarily personal, family, or household, or solicitation to supply any of these things;

(g)     invites consumers, including Plaintiff, to call a telephone number to place an order for one of Defendants' Tutorials;

(h)     fails to set forth clearly and conspicuously at the outset of the offer all of the terms, conditions and obligations upon which a consumer's receipt and retention of the "FREE" Tutorial is contingent including, but not limited to, the requirement that the consumer must agree to all of the terms of an undisclosed, detailed, written EULA, a true and correct copy of which is

attached hereto as Exhibit A;

(i)    is not preceded or immediately followed by a conspicuously clear and oral statement of all of the exclusions, reservations, limitations, modifications, or conditions to Defendants' TV Offer VP3448, including, but not limited to, the requirement that the consumer must agree to all of the terms of Defendants' undisclosed, detailed, written EULA, a true and correct copy of which is attached hereto as Exhibit A;

(j)    is initiated by or on behalf of Defendants, each of which is a seller of goods and services;

(k)    is an advertisement transmitted by electronic means, which invites a response by telephone to a telephone number and, during the course of such response, a salesperson attempts to make a sale of "goods or services";

(l)    represents the price, quality or availability of Defendants' Tutorials and is used to induce Plaintiff to purchase such goods from Defendants;

(m)    advertises and promotes the commercial availability of Defendant's Tutorials; and

(n)    solicits consumers, including Plaintiff, to purchase Defendants' Tutorials by becoming financially obligated as a result of Defendant's TV Offer VP3448.

32.    On or about each of the dates and times indicated in Table 5 hereto, and while viewing programming on the Time Warner Cable television channel indicated in said Table, Plaintiff viewed the TV Offer of Defendants that displays and mentions the toll free telephone

number 800-252-3708 (hereinafter "TV Offer VP3708").

33.     Defendants' TV Offer VP3708:

(a)     is directed at and solicits Ohio consumers, including Plaintiff, to purchase one of Defendants' Tutorials;

(b)     is an attempt by Defendants to effect, or solicitation of an offer to enter into, a consumer transaction by agent, advertisement or otherwise;

(c)     is an electronic, written, visual, or oral communication made to consumers by means of television, which identifies or represents the terms of goods and/or services that may be transferred in a consumer transaction;

(d)     advertises the commercial availability of Defendants Tutorials and solicits consumers, including Plaintiff, to purchase Defendants' Tutorials;

(e)     offers a "FREE" Tutorial to consumers, including Plaintiff;

(f)     is a commercial advertisement or solicitation for the sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, a franchise, or an intangible, to an individual for purposes that are primarily personal, family, or household, or solicitation to supply any of these things;

(g)     invites consumers, including Plaintiff, to call a telephone number to place an order for one of Defendants' Tutorials;

(h)     fails to set forth clearly and conspicuously at the outset of the offer all of the terms, conditions and obligations upon which a consumer's receipt and retention of the "FREE" Tutorial is contingent including, but not limited to, the requirement that the consumer must agree to all of the terms of an

undisclosed, detailed, written EULA, a true and correct copy of which is attached hereto as Exhibit A;

(i)     is not preceded or immediately followed by a conspicuously clear and oral statement of all of the exclusions, reservations, limitations, modifications, or conditions to Defendants' TV Offer VP3708, including, but not limited to, the requirement that the consumer must agree to all of the terms of Defendants' undisclosed, detailed, written EULA, a true and correct copy of which is attached hereto as Exhibit A;

(j)     is initiated by or on behalf of Defendants, each of which is a seller of goods and services;

(k)     is an advertisement transmitted by electronic means, which invites a response by telephone to a telephone number and, during the course of such response, a salesperson attempts to make a sale of "goods or services";

(l)     represents the price, quality or availability of Defendants' Tutorials and is used to induce Plaintiff to purchase such goods from Defendants;

(m)     advertises and promotes the commercial availability of Defendant's Tutorials; and

(n)     solicits consumers, including Plaintiff, to purchase Defendants' Tutorials by becoming financially obligated as a result of Defendant's TV Offer VP3708.

34.     On or about each of the dates and times indicated in Table 6 hereto, and while viewing programming on the Time Warner Cable television channel indicated in said Table,

Plaintiff viewed the TV Offer of Defendants that displays and mentions the toll free telephone number 800-836-5884 (hereinafter "TV Offer VP5884").

35.     Defendants' TV Offer VP5884:

(a)     is directed at and solicits Ohio consumers, including Plaintiff, to purchase one of Defendants' Tutorials;

(b)     is an attempt by Defendants to effect, or solicitation of an offer to enter into, a consumer transaction by agent, advertisement or otherwise;

(c)     is an electronic, written, visual, or oral communication made to consumers by means of television, which identifies or represents the terms of goods and/or services that may be transferred in a consumer transaction;

(d)     advertises the commercial availability of Defendants Tutorials and solicits consumers, including Plaintiff, to purchase Defendants' Tutorials;

(e)     offers a "FREE" Tutorial to consumers, including Plaintiff;

(f)     is a commercial advertisement or solicitation for the sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, a franchise, or an intangible, to an individual for purposes that are primarily personal, family, or household, or solicitation to supply any of these things;

(g)     invites consumers, including Plaintiff, to call a telephone number to place an order for one of Defendants' Tutorials;

(h)     fails to set forth clearly and conspicuously at the outset of the offer all of the terms, conditions and obligations upon which a consumer's receipt and retention of the "FREE" Tutorial is contingent including, but not limited

18

to, the requirement that the consumer must agree to all of the terms of an undisclosed, detailed, written EULA, a true and correct copy of which is attached hereto as Exhibit A;

(i)     is not preceded or immediately followed by a conspicuously clear and oral statement of all of the exclusions, reservations, limitations, modifications, or conditions to Defendants' TV Offer VP5884, including, but not limited to, the requirement that the consumer must agree to all of the terms of Defendants' undisclosed, detailed, written EULA, a true and correct copy of which is attached hereto as Exhibit A;

(j)     is initiated by or on behalf of Defendants, each of which is a seller of goods and services;

(k)     is an advertisement transmitted by electronic means, which invites a response by telephone to a telephone number and, during the course of such response, a salesperson attempts to make a sale of "goods or services";

(l)     represents the price, quality or availability of Defendants' Tutorials and is used to induce Plaintiff to purchase such goods from Defendants;

(m)     advertises and promotes the commercial availability of Defendant's Tutorials; and

(n)     solicits consumers, including Plaintiff, to purchase Defendants' Tutorials by becoming financially obligated as a result of Defendant's TV Offer VP5884.

36.     On or about each of the dates and times indicated in Table 7 hereto, and while

viewing programming on the Time Warner Cable television channel indicated in said Table, Plaintiff viewed the TV Offer of Defendants that displays and mentions the toll free telephone number 800-254-6058 (hereinafter "TV Offer VP6058").

37.    Defendants' TV Offer VP6058:

    (a)    is directed at and solicits Ohio consumers, including Plaintiff, to purchase one of Defendants' Tutorials;

    (b)    is an attempt by Defendants to effect, or solicitation of an offer to enter into, a consumer transaction by agent, advertisement or otherwise;

    (c)    is an electronic, written, visual, or oral communication made to consumers by means of television, which identifies or represents the terms of goods and/or services that may be transferred in a consumer transaction;

    (d)    advertises the commercial availability of Defendants Tutorials and solicits consumers, including Plaintiff, to purchase Defendants' Tutorials;

    (e)    offers a "FREE" Tutorial to consumers, including Plaintiff;

    (f)    is a commercial advertisement or solicitation for the sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, a franchise, or an intangible, to an individual for purposes that are primarily personal, family, or household, or solicitation to supply any of these things;

    (g)    invites consumers, including Plaintiff, to call a telephone number to place an order for one of Defendants' Tutorials;

    (h)    fails to set forth clearly and conspicuously at the outset of the offer all of the terms, conditions and obligations upon which a consumer's receipt and

retention of the "FREE" Tutorial is contingent including, but not limited to, the requirement that the consumer must agree to all of the terms of an undisclosed, detailed, written EULA, a true and correct copy of which is attached hereto as Exhibit A;

(i)     is not preceded or immediately followed by a conspicuously clear and oral statement of all of the exclusions, reservations, limitations, modifications, or conditions to Defendants' TV Offer VP6058, including, but not limited to, the requirement that the consumer must agree to all of the terms of Defendants' undisclosed, detailed, written EULA, a true and correct copy of which is attached hereto as Exhibit A;

(j)     is initiated by or on behalf of Defendants, each of which is a seller of goods and services;

(k)     is an advertisement transmitted by electronic means, which invites a response by telephone to a telephone number and, during the course of such response, a salesperson attempts to make a sale of "goods or services";

(l)     represents the price, quality or availability of Defendants' Tutorials and is used to induce Plaintiff to purchase such goods from Defendants;

(m)     advertises and promotes the commercial availability of Defendant's Tutorials; and

(n)     solicits consumers, including Plaintiff, to purchase Defendants' Tutorials by becoming financially obligated as a result of Defendant's TV Offer VP6058.

21

38.    On or about each of the dates and times indicated in Table 8 hereto, and while viewing programming on the Time Warner Cable television channel indicated in said Table, Plaintiff viewed the TV Offer of Defendants that displays and mentions the toll free telephone number 800-249-7016 (hereinafter "TV Offer VP7016").

39.    Defendants' TV Offer VP7016:

(a)    is directed at and solicits Ohio consumers, including Plaintiff, to purchase one of Defendants' Tutorials;

(b)    is an attempt by Defendants to effect, or solicitation of an offer to enter into, a consumer transaction by agent, advertisement or otherwise;

(c)    is an electronic, written, visual, or oral communication made to consumers by means of television, which identifies or represents the terms of goods and/or services that may be transferred in a consumer transaction;

(d)    advertises the commercial availability of Defendants Tutorials and solicits consumers, including Plaintiff, to purchase Defendants' Tutorials;

(e)    offers a "FREE" Tutorial to consumers, including Plaintiff;

(f)    is a commercial advertisement or solicitation for the sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, a franchise, or an intangible, to an individual for purposes that are primarily personal, family, or household, or solicitation to supply any of these things;

(g)    invites consumers, including Plaintiff, to call a telephone number to place an order for one of Defendants' Tutorials;

(h)    fails to set forth clearly and conspicuously at the outset of the offer all of

22

the terms, conditions and obligations upon which a consumer's receipt and retention of the "FREE" Tutorial is contingent including, but not limited to, the requirement that the consumer must agree to all of the terms of an undisclosed, detailed, written EULA, a true and correct copy of which is attached hereto as Exhibit A;

(i)     is not preceded or immediately followed by a conspicuously clear and oral statement of all of the exclusions, reservations, limitations, modifications, or conditions to Defendants' TV Offer VP7016, including, but not limited to, the requirement that the consumer must agree to all of the terms of Defendants' undisclosed, detailed, written EULA, a true and correct copy of which is attached hereto as Exhibit A;

(j)     is initiated by or on behalf of Defendants, each of which is a seller of goods and services;

(k)     is an advertisement transmitted by electronic means, which invites a response by telephone to a telephone number and, during the course of such response, a salesperson attempts to make a sale of "goods or services";

(l)     represents the price, quality or availability of Defendants' Tutorials and is used to induce Plaintiff to purchase such goods from Defendants;

(m)    advertises and promotes the commercial availability of Defendant's Tutorials; and

(n)     solicits consumers, including Plaintiff, to purchase Defendants' Tutorials by becoming financially obligated as a result of Defendant's TV Offer

VP7016.

40.    On or about each of the dates and times indicated in Table 9 hereto, and while viewing programming on the Time Warner Cable television channel indicated in said Table, Plaintiff viewed the TV Offer of Defendants that displays and mentions the toll free telephone number 800-951-8095 (hereinafter "TV Offer VP8095").

41.    Defendants' TV Offer VP8095:

    (a)    is directed at and solicits Ohio consumers, including Plaintiff, to purchase one of Defendants' Tutorials;

    (b)    is an attempt by Defendants to effect, or solicitation of an offer to enter into, a consumer transaction by agent, advertisement or otherwise;

    (c)    is an electronic, written, visual, or oral communication made to consumers by means of television, which identifies or represents the terms of goods and/or services that may be transferred in a consumer transaction;

    (d)    advertises the commercial availability of Defendants Tutorials and solicits consumers, including Plaintiff, to purchase Defendants' Tutorials;

    (e)    offers a "FREE" Tutorial to consumers, including Plaintiff;

    (f)    is a commercial advertisement or solicitation for the sale, lease, assignment, award by chance, or other transfer of an item of goods, a service, a franchise, or an intangible, to an individual for purposes that are primarily personal, family, or household, or solicitation to supply any of these things;

    (g)    invites consumers, including Plaintiff, to call a telephone number to place an order for one of Defendants' Tutorials;

24

(h) fails to set forth clearly and conspicuously at the outset of the offer all of the terms, conditions and obligations upon which a consumer's receipt and retention of the "FREE" Tutorial is contingent including, but not limited to, the requirement that the consumer must agree to all of the terms of an undisclosed, detailed, written EULA, a true and correct copy of which is attached hereto as Exhibit A;

(i) is not preceded or immediately followed by a conspicuously clear and oral statement of all of the exclusions, reservations, limitations, modifications, or conditions to Defendants' TV Offer VP8095, including, but not limited to, the requirement that the consumer must agree to all of the terms of Defendants' undisclosed, detailed, written EULA, a true and correct copy of which is attached hereto as Exhibit A;

(j) is initiated by or on behalf of Defendants, each of which is a seller of goods and services;

(k) is an advertisement transmitted by electronic means, which invites a response by telephone to a telephone number and, during the course of such response, a salesperson attempts to make a sale of "goods or services";

(l) represents the price, quality or availability of Defendants' Tutorials and is used to induce Plaintiff to purchase such goods from Defendants;

(m) advertises and promotes the commercial availability of Defendant's Tutorials; and

(n) solicits consumers, including Plaintiff, to purchase Defendants' Tutorials

by becoming financially obligated as a result of Defendant's TV Offer VP8095.

42.     Each of Defendants' TV Offers that Plaintiff viewed, which are listed in Tables 1 through 9 of this Complaint, was an "offer" within the meaning of O.A.C. §109:4-3-01(C)(3).

43.     Each of Defendants' TV Offers that Plaintiff viewed, which are listed in Tables 1 through 9 of this Complaint, was an "advertisement" within the meaning of O.A.C. §109:4-3-01(C)(5).

44.     Each of Defendants' TV Offers that Plaintiff viewed, which are listed in Tables 1 through 9 of this Complaint, was a "consumer transaction" within the meaning of R.C. §1345.01(A).

45.     The Tutorials offered for sale in each of Defendants' TV Offers that Plaintiff viewed, which are listed in Tables 1 through 9 of this Complaint, are "goods" within the meaning of O.A.C. 109:4-3-01(C)(1).

46.     Each of Defendants' TV Offers that Plaintiff viewed, which are listed in Tables 1 through 9 of this Complaint, is an "offer" within the meaning of O.A.C. §109:4-3-01(C)(3).

47.     Each of Defendants' TV Offers that Plaintiff viewed, which are listed in Tables 1 through 9 of this Complaint, is an "advertisement" within the meaning of O.A.C. §109:4-3-01(C)(5).

48.     Each of Defendants' TV Offers that Plaintiff viewed, which are listed in Tables 1 through 9 of this Complaint, is an attempt to make a sale of "goods or services" within the meaning of R.C. §4719.01(A)(4).

49.     Each of Defendants' TV Offers that Plaintiff viewed, which are listed in Tables 1 through 9 of this Complaint, is a "communication" within the meaning of R.C. §4719.01(A)(2).

50.     Each of Defendants' TV Offers that Plaintiff viewed, which are listed in Tables 1 through 9 of this Complaint, is a "telephone solicitation" within the meaning of R.C. §4719.01(A)(7).

51.     In regard to each of Defendants' TV Offers that Plaintiff viewed, which are listed in Tables 1 through 9 of this Complaint, Plaintiff was a "purchaser" within the meaning of O.R.C. §4719.01(A)(5).

52.     In regard to each of Defendants' TV Offers that Plaintiff viewed, which are listed in Tables 1 through 9 of this Complaint, Defendant VPI was a "telephone solicitor" within the meaning of O.R.C. §4719.01(A)(8).

53.     In regard to each of Defendants' TV Offers that Plaintiff viewed, which are listed in Tables 1 through 9 of this Complaint, Defendant VPI acted as a telephone solicitor without having obtained a certificate of registration from the Ohio Attorney General.

54.     In regard to each of Defendants' TV Offers that Plaintiff viewed, which are listed in Tables 1 through 9 of this Complaint, Defendant VPI acted as a telephone solicitor without having obtained a surety bond issued by an Ohio-authorized surety company.

## COUNT 1

### (KNOWING VIOLATIONS OF OHIO ADMINISTRATIVE CODE §109:4-3-02(B) AND OHIO REVISED CODE §1345.02(A))

55.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

56.     In causing or permitting each of the foregoing TV Offers to be published and viewed by Plaintiff, Defendants knowingly violated O.A.C. §109:4-3-02(B) and O.R.C. §1345.02(A).

57.     In regard to each TV Offer that Defendants published and Plaintiff viewed, which

27

are listed in Tables 1 through 9 of this Complaint, Defendants engaged in acts and practices that have been declared to be unfair and/or deceptive acts or practices that violate O.R.C. §1345.02(A) by Ohio courts in rulings that were published within the Public Information File of the Ohio Attorney General prior to the acts and practices of Defendants complained of herein and, therefore, Defendants have knowingly violated O.R.C. §1345.02(A).

58.     Accordingly, Plaintiff is entitled to be awarded statutory damages in the minimum amount of $200 for each of Defendants' violations of R.C. §1345.02(A); and (b) an award of Plaintiff's reasonable attorney's fees and costs against Defendants pursuant to R.C. §1345.09(F).

## COUNT 2

### (KNOWING VIOLATIONS OF OHIO ADMINISTRATIVE CODE §109:4-3-04(C) AND OHIO REVISED CODE §1345.02(A))

59.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

60.     In regard to each TV Offer that Defendants published and Plaintiff viewed, which are listed in Tables 1 through 9 of this Complaint, Defendants knowingly violated O.A.C. §109:4-3-04(C) and O.R.C. §1345.02(A).

61.     In causing or permitting each of the foregoing TV Offers to be published and viewed by Plaintiff, Defendants engaged in acts and practices that have been declared to be unfair and/or deceptive acts or practices that violate O.R.C. §1345.02(A) by Ohio courts in rulings that were published within the Public Information File of the Ohio Attorney General prior to the acts and practices of Defendants complained of herein and, therefore, Defendants have knowingly violated O.R.C. §1345.02(A).

62.     Accordingly, Plaintiff is entitled to be awarded statutory damages in the minimum amount of $200 for each of Defendants' such violations of R.C. §1345.02(A); and (b) an award

of Plaintiff's reasonable attorney's fees and costs against Defendants pursuant to R.C. §1345.09(F).

## COUNT 3

### (KNOWING VIOLATIONS OF OHIO REVISED CODE §4719.02(A) AND OHIO REVISED CODE §1345.02(A))

63.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

64.     In regard to each TV Offer that Defendants published and Plaintiff viewed, which are listed in Tables 1 through 9 of this Complaint, Defendant VPI knowingly violated O.R.C. §4719.02(A) and O.R.C. §1345.02(A) by acting as a telephone solicitor without having obtained a certificate of registration from the Ohio Attorney General.

65.     Accordingly, Plaintiff is entitled to be awarded statutory damages in the minimum amount of $200 for each of Defendants' such violations of O.R.C. §4719.02(A) and §1345.02(A); and (b) an award of Plaintiff's reasonable attorney's fees and costs against Defendants pursuant to R.C. §1345.09(F).

## COUNT 4

### (KNOWING VIOLATIONS OF OHIO REVISED CODE §4719.04(A) AND OHIO REVISED CODE §1345.02(A))

66.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

67.     In regard to each TV Offer that Defendants published and Plaintiff viewed, which are listed in Tables 1 through 9 of this Complaint, Defendant VPI knowingly violated O.R.C. §4719.04(A) and O.R.C. §1345.02(A) by acting as a telephone solicitor without having obtained a surety bond issued by an Ohio-authorized surety company.

68.     Accordingly, Plaintiff is entitled to be awarded statutory damages in the minimum amount of $200 for each of Defendants' such violations of O.R.C. §4719.04(A) and §1345.02(A); and (b) an award of Plaintiff's reasonable attorney's fees and costs against Defendants pursuant to R.C. §1345.09(F).

## COUNT 5

### (KNOWING VIOLATIONS OF OHIO REVISED CODE §4719.02(A) AND OHIO REVISED CODE §1345.02(A))

69.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

70.     In regard to each TV Offer that Defendants published and Plaintiff viewed, which are listed in Tables 1 through 9 of this Complaint, Defendant VPI knowingly violated O.R.C. §1345.02(A) by soliciting and conducting business with consumers who reside in Ohio without having registered to do business with the Ohio Secretary of State.

71.     Accordingly, Plaintiff is entitled to be awarded statutory damages in the minimum amount of $200 for each of Defendant VPI's such violations of O.R.C. §1345.02(A); and (b) an award of Plaintiff's reasonable attorney's fees and costs against Defendants pursuant to R.C. §1345.09(F).

## COUNT 6

### (DECLARATORY JUDGMENT)

72.     Plaintiff hereby incorporates, as if fully rewritten herein, all of the foregoing paragraphs.

73.     Plaintiff respectfully submits that, under the circumstances presented in this case, he is entitled to the Court's entry of declaratory judgment in his favor, including this Court's declaration that it is an unfair and deceptive act and practice, and a violation of R.C.

§1345.02(A), for a "supplier" to do any of the following:

(a)     use the word "free" in a consumer transaction with a consumer residing in Ohio and fail to set forth clearly and conspicuously at the outset of the offer all of the terms, conditions and obligations upon which receipt and retention of the "free" goods or services are contingent;

(b)     communicate an offer to consumers residing in Ohio through radio or television advertising and fail to precede or immediately follow the offer with a conspicuously clear and oral statement of any exclusions, reservations, limitations, modifications, or conditions of the offer;

(c)     fail to register with the Ohio Secretary of State prior to soliciting or conducting business with a consumer residing in Ohio;

(d)     engage in telephone solicitations of consumers residing in Ohio without having registered with the Ohio Attorney General; and

(e)     engage in telephone solicitations of consumers residing in Ohio without having obtained a surety bond.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff hereby prays for the following relief against Defendants, jointly and severally, as to the foregoing claims:

A.     An award of statutory damages against Defendants in the amount of $200 for each of Defendants' knowing violations of O.R.C. §1345.02(A) pursuant to O.R.C. §1345.09(B);

B.     Declaratory judgment against Defendants and in Plaintiff's favor, as requested hereinabove, pursuant to O.R.C. §1345.09(D);

C.     Pre- and post-judgment interest on all damages awarded;

D.    An award of Plaintiff's reasonable attorneys' fees and costs pursuant to O.R.C. §1345.09(F); and

E.    All such other relief, legal and equitable, as permitted by law.

Respectfully submitted,

Lisa A. Wafer          (0074034)
lwafer@ferronlaw.com
FERRON & ASSOCIATES
A Legal Professional Association
580 North Fourth Street, Suite 450
Columbus, Ohio 43215-2125
(614) 228-5225, 228-3255 fax

Trial Attorney for Plaintiff,
John W. Ferron

## JURY DEMAND

Plaintiff demands a trial by jury on all claims so triable.

Lisa A. Wafer          (0074034)