IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | : | |
|---|---|---|
| JOHN W. FERRON, | : | Case No. 2:10-cv-343 |
| | : | |
| Plaintiff, | : | |
| | : | JUDGE ALGENON L. MARBLEY |
| v. | : | |
| | : | |
| VIDEO PROFESSOR, INC., et al., | : | |
| | : | |
| Defendants. | : | |

**OPINION AND ORDER**

**I. INTRODUCTION**

This matter is before the Court on Defendant's Motion to Dismiss (Dkt. 17); Plaintiff's Motion to Strike (Dkt. 26); and Defendant's Supplemental Motion to Dismiss (Dkt. 32). Plaintiff sued Defendant alleging that Defendant's television offers violated the Ohio Consumer Sales Practices Act, the Ohio Revised Code, and the Ohio Attorney General's substantive consumer advertising rules set forth in the Ohio Administrative Code. Plaintiff also asserts that Defendant violated the Ohio Telephone Solicitation Sales Act. Pursuant to 11 U.S.C § 362, this Order pertains only to Defendant John Scherer because Defendant Content Distributing, Inc. (formerly Video Professor, Inc.) has filed a formal petition for bankruptcy. For the reasons stated below, the Court finds that Plaintiff's Motion to Strike and Defendant's Supplemental Motion to Dismiss are **MOOT** and Defendant's Motion to Dismiss is **GRANTED** as to Defendant John Scherer. Because the action no longer meets the amount in controversy requirement, the Court **DISMISSES** the case for lack of jurisdiction.

**II. BACKGROUND**

Plaintiff John Ferron is an attorney who resides in Ohio. Defendant Content Distributing, Inc. ("CDI") was a designer, manufacturer, and distributor of CD-ROM tutorials on computer-related subjects. CDI changed its name on May 6, 2010, and was formerly known as Video Professor, Inc. Defendant John Scherer founded CPI and was the company's Chief Executive Officer and principal spokesperson. Scherer appeared in CPI's television commercials and infomercials in Ohio as "the Video Professor."

Plaintiff claims that he viewed CDI's commercials and infomercials on 504 separate occasions.[1] He alleges that these television offers described and offered for sale to consumers a "FREE" computer learning Tutorial and urged consumers to order the Tutorial by calling a toll-free telephone number. Plaintiff's central allegation is that the commercials and infomercials are deceptive because they could lead a recipient to believe that he or she is entitled to free merchandise without obligation to the recipient. In other words, Plaintiff alleges that these advertisements represented that Defendant's tutorials were "FREE" when they were, in fact, not actually free. He contends that each advertisement violates the OSCPA six times, and that he is entitled to $200 in statutory damages for each of the six violations in each of the 504 advertisements.

Plaintiff alleges that Defendant's television offers repeatedly and knowingly violated the Ohio Consumer Sales Practices Act ("CSPA"), the Ohio Revised Code ("O.R.C.") § 1345.01 *et seq.*, and the Ohio Attorney General's substantive consumer advertising rules set forth in the

---

[1] Plaintiff's Complaint alleges that he watched nine advertisements multiple times for a total of 504 viewings. According to the tables attached to the Complaint he watched "VP0849" 17 times, "VP2975" 45 times, "VP3021" 10 times, "VP3448" 218 times, "VP3708" 19 times, "VP5884" 9 times, "VP6058" 24 times, "VP7016" 11 times, and "VP809" 151 times.

Ohio Administrative Code ("O.A.C.") at O.A.C. § 109:4-3-02 and § 109:4-3-04. Plaintiff also asserts that Defendant violated the Ohio Telephone Solicitation Sales Act ("TSSA").

Plaintiff seeks an award of statutory remedies and declaratory judgment against Defendant under the CSPA as a result of his viewing of the TV offers. Plaintiff also requests reasonable attorney's fees and costs pursuant to ORC § 1345.09(F).

### III. STANDARD OF REVIEW

A case may be dismissed for insufficient service of process. Fed. R. Civ. P. 12(b)(5). The requirements for service of process are provided in Fed. R. Civ. P. 4.

A case may be dismissed if the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). When a case is brought pursuant to diversity jurisdiction granted by 28 U.S.C. § 1332, there must be complete diversity between the parties and the amount in controversy must exceed $75,000 in the aggregate. 28 U.S.C. § 1332.

A case may be dismissed if the complaint does not state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(6). "A motion to dismiss for failure to state a claim is a test of the plaintiff's cause of action as stated in the complaint, not a challenge to the plaintiff's factual allegations." *Golden v. City of Columbus*, 404 F.3d 950, 958-59 (6th Cir. 2005). Consequently, the Court must construe the complaint in the light most favorable to the non-moving party, accept all factual allegations as true, and make reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008)*; Murphy v. Sofamor Danek Gp.,Inc.*, 123 F.3d 394, 400 (6th Cir. 1997).

However, the Court is not required to accept as true mere legal conclusions unsupported by factual allegations. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

Although liberal, the Rule 12(b)(6) standard requires more than the bare assertion of legal conclusions to survive a motion to dismiss. *Allard v. Weitzman*, 991 F.2d 1236, 1240 (6th Cir. 1993) (citation omitted). The complaint must "'give the defendant fair notice of what the claim is, and the grounds upon which it rests.'" *Nader v. Blackwell*, 545 F.3d 459, 470 (6th Cir. 2008) (quoting *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200 (2007)). While a complaint need not contain "detailed factual allegations," its "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. 544, 555 (2007). A complaint that suggests "the mere possibility of misconduct" is insufficient; rather, the complaint must state "a plausible claim for relief." *Iqbal*, 129 S.Ct. at 1950 (*citing Twombly*, 550 U.S at 556).

## IV. LAW AND ANALYSIS

### A. Motion to Strike

In Defendants' Joint Reply Motion in Support of Their Motion to Dismiss Plaintiff's Amended Complaint, Defendant asserts four new arguments that address Plaintiff's Response. Simultaneously with the filing of its Reply, Defendant moved for Leave to File Supplemental Motion to Dismiss. (Dkt. 21). After the filing of the Reply, Plaintiff moved to strike the four newly-asserted arguments. (Dkt. 26). Plaintiff argues that it is improper for the Defendant to introduce new theories in a reply memorandum. Magistrate Judge King granted Defendant's Motion for Leave. (Dkt. 31). Accordingly, the arguments are before the Court, and the Motion to Strike is **MOOT**.

## B. Motion to Dismiss

### 1. Service of the Complaint

Defendant alleges that Plaintiff's Amended Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process. Plaintiff served the Complaint by certified mail. Defendant argues that the Complaint should have been served pursuant to Colorado's rules of civil procedure because Defendant is an individual residing in Colorado. Fed. R. Civ. P. 4(e) provides that an individual may be served by: "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e). In this case, Plaintiff complied with state law in Ohio, the state in which this Court is located. Under Ohio law, an out of state defendant may be served by the Clerk of the Court via certified mail. Ohio Civil Rule 4.3. As FRCP 4(e) states that service can be made in accordance with state law in the state in which the district court is located, the Amended Complaint was properly served on the Defendant.

### 2. Ohio Consumer Sales Practices Act

The Ohio Consumer Sales Practices Act provides that "[n]o supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction." Ohio Rev. Code § 1345.02(A). Pursuant to the CSPA, the Attorney General of Ohio has the authority to issue regulations defining specific acts or practices that are deceptive in violation of § 1345.02(A). Ohio Rev. Code § 1345.05(B)(2).

Plaintiff brings seven counts under the CSPA. Count One alleges that Defendant's

5

television offers violated OAC § 109:4-3-02(B)[2] because they fail to provide a proper oral statement of the details of Defendant's offers. Count Two alleges violations of § 109:4-3-02(C)[3] because the offers use an improper footnote to describe some of the details of the offers. Count Three alleges violations of OAC § 109:4-3-04(C)[4] because the offers improperly use the word "FREE." Count Four alleges violations of ORC § 4719.02(A) and ORC § 1345.02(A) because Defendant solicited consumers to contact them by telephone without registering with the Ohio Attorney General as a telephone solicitor. Count Five alleges violations of ORC § 4719.02(A) and ORC § 1345.02(A) because Defendant solicited consumers to contact them by telephone to place and order without obtaining a surety bond. Count Six alleges violations of ORC § 1345.02(A) because Defendant did not register to do business in Ohio before soliciting and conducting business with consumers who reside in Ohio. Count Seven seeks a declaratory judgment.

Defendant argues that this Court does not have subject matter jurisdiction over Plaintiff's

---

[2] OAC § 109:4-3-02(B) provides: Offers made through radio or television advertising must be preceded or immediately followed by a conspicuously clear and oral statement of any exclusions, reservations, limitations, modifications, or conditions.

[3] OAC § 109:4-3-02(C) provides: A statement of exclusions, reservations, limitations, modifications, or conditions which appears in a footnote to an advertisement to which reference is made in the advertisement by an asterisk or other symbol placed next to the offer being limited is not in close proximity to the words stating the offer.

[4] OAC § 109:4-3-04(C) provides: When using the word "free" in a consumer transaction, all the terms, conditions, and obligations upon which receipt and retention of the "free" goods or services are contingent shall be set forth clearly and conspicuously at the outset of the offer. Terms, conditions, and obligations of the offer must be printed in a type size half as large as the word "free," and all of the terms, conditions, and obligations should appear in close proximity with the offer of "free" goods or services. Disclosure of the terms of the offer set forth in a footnote of an advertisement to which reference is made by an asterisk or other symbol placed next to the offer is not regarded as making disclosure at the outset.

amended complaint because Plaintiff cannot meet the amount in controversy requirement. Defendant argues that Plaintiff is: (1) only entitled to recover per-advertisement as opposed to per-violation in each advertisement; and (2) not entitled to recover damages for the same advertisement run multiple times.  Thus, Defendant argues that damages are limited to a total of $1800.00.

This Court has previously considered the issue of whether statutory damages under the CSPA should be calculated per-act or per-violation.  In *Charvat v. GVN Michigan, Inc.*, 531 F.Supp.2d 922 (S.D. Ohio 2008), this Court found that if multiple CSPA violations arise from the same act, or if several CSPA violations are so similar that only one violation can be found, then the plaintiff is limited to one recovery even if multiple violations exist.  In such situations, the individual suffers one distinct injury, and damages should be limited accordingly.  *Id.* at 928-29.

As applied to this case, Plaintiff is limited to one recovery of $200 for each advertisement.  Multiple awards for each advertisement would be inappropriate because each advertisement constitutes a single transaction or act.  For example, in *Couto v. Gibson*, the court held that the plaintiff could only recover one award of statutory damages "no matter how many violations are ultimately proven" because all of the CSPA violations emanated from the same transaction, an automobile lease agreement, and resulted in a single injury.  *Cuoto*, 1992 Ohio App. LEXIS 756, *38-39 (1992).  In this case, each group of alleged violations is based on a discrete transaction, a television advertisement.  If the allegations are true, then the Plaintiff could suffer only one injury from each of the nine ads – deceptive marketing that promoted goods as "FREE" that were not actually free.  Accordingly, this Court finds that Plaintiff is

limited to one recovery for each advertisement.

Similarly, Plaintiff is limited to one recovery for each of the nine advertisements at issue; he cannot recover for all 504 viewings. In *Charvat*, the act at issue was a telephone call. GVN made ten telephone calls to Plaintiff. At the conclusion of the first call, Plaintiff demanded that the caller not call him again, and the agent stated that he would remove Plaintiff from "the list." Despite this exchange, GVN placed nine more telephone calls to Plaintiff. *Charvat*, 531 F.Supp.2d at 923-24. This Court found that as "[t]he Plaintiff suffered one distinct injury from each call-the unwanted contact from a telemarketer," he could receive statutory damages under the CSPA for each of the nine telephone calls Plaintiff received after asking GVN not to call him again. *Id.* at 929.

This case presents a different situation. CDI produced nine advertisements. Plaintiff watched them repeatedly, for a total of 504 viewings. Unlike in *Charvat*, in which the defendant placed nine calls to the plaintiff that resulted in nine discrete instances of unwanted contact, here Plaintiff voluntarily subjected himself to nine unique advertisements over and over and over again. Plaintiff's damages are limited to his first viewing of each ad. To find otherwise would be inconsistent with the purpose of the CSPA, which is to develop and promote fair consumer sales practices; it is not intended to create personal windfalls for individual plaintiffs. *See Charlie's Dodge, Inc v. Celebrezze* 596 N.E.2d 486, 488 (Ohio Ct.App. 1991). Accordingly, this Court finds that Plaintiff is limited to one recovery for each of the nine advertisements CDI produced.

Following these findings, there is no longer a sufficient amount in controversy to meet the requirements of § 1332. Plaintiff, at most, can recover $200.00 in statutory damages for each

of the nine advertisements. In total, the amount in controversy is $1800.00, which fails to meet the requirements for federal diversity jurisdiction. Pursuant to 28 U.S.C. § 1447(c), "if at any time before final judgement in appears that the district court lacks subject matter jurisdiction, the case shall be remanded [to state court]." As such, the Court dismiss this action for lack of jurisdiction.

### C. Supplemental Motion to Dismss

Finally, as this Court finds that it does not have jurisdiction over this case, it does not consider the parties' arguments regarding *Ferron v. Echostar Satellite, LLC*, 2009 WL 6700648 (S.D. Ohio Sept. 29, 2009), as presented in the Supplemental Motion to Dismiss. Accordingly, the Supplemental Motion to Dismiss is **MOOT**.

### V. CONCLUSION

For the reasons stated above, the Court finds that Plaintiff's Motion to Strike and Defendant's Supplemental Motion to Dismiss are **MOOT** and Defendant's Motion to Dismiss is **GRANTED** as to John Scherer. Because the action no longer meets the amount in controversy requirement, the Court **DISMISSES** the case for lack of jurisdiction.

**IT IS SO ORDERED.**

    s/Algenon L. Marbley
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT COURT**

**Dated: February 8, 2011**